USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 92-2465 ROBERT E. SUVEGES, JR., Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ _________________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ _________________________ Robert E. Suveges, Jr. on brief pro se. ______________________ Richard S. Cohen, United States Attorney, and F. Mark __________________ ________ Terison, Assistant United States Attorney, on brief for the _______ United States. _________________________ October 14, 1993 _________________________ SELYA, Circuit Judge. Petitioner-appellant Robert E. SELYA, Circuit Judge. _____________ Suveges, Jr., strives gallantly to persuade us that the district court erred in summarily denying a petition to vacate his sentence brought pursuant to 28 U.S.C. 2255. For the reasons discussed below, we affirm the judgment in its major aspects, but remand to permit further consideration of one related point. I I On August 14, 1990, a federal grand jury indicted Suveges on three counts of drug distribution, not involving death or injury, in violation of 21 U.S.C. 841(a)(1). The charges arose from separate incidents in which Suveges sold cocaine to undercover agents. The aggregate amount of cocaine involved in the three transactions totalled 10.19 grams. On November 1, 1990, Suveges pleaded guilty to the charges pursuant to a plea agreement which provided, inter alia, _____ ____ that the government would not oppose a two-level reduction in his offense level for acceptance of responsibility.1 The criminal docket sheet indicates that, before Suveges pled guilty, the prosecution did not file or serve an information notifying him that increased punishment might result from certain specified ____________________ 1Notwithstanding that the probation office used the November 1, 1989 version of the federal sentencing guidelines in preparing the presentence report, the November 1, 1990 version of the guidelines applies to this case. See United States v. ___ ______________ Harotunian, 920 F.2d 1040, 1041-42 (1st Cir. 1990) ("Barring any __________ ex post facto problem, a defendant is to be punished according to __ ____ _____ the guidelines in effect at the time of sentencing."). This bevue is of no consequence, however, as the guidelines affecting Suveges's sentence are the same in both incarnations. In particular, the career offender guideline, quoted infra note 4, _____ was not changed. 2 prior convictions. See 21 U.S.C. 851(a)(1).2 Nonetheless, ___ paragraph one of the plea agreement specified that Suveges was subject to a potential 30-year maximum prison term and/or a $2,000,000 fine, as well as a mandatory six-year term of supervised release. The statutory mosaic makes clear that this is an enhanced penalty regime prescribed for repeat offenders.3 ____________________ 2The statute provides in relevant part: No person who stands convicted of an offense under this part [i.e., 21 U.S.C. 841 et ____ __ seq.] shall be sentenced to increased ____ punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . . 28 U.S.C. 851(a)(1). 321 U.S.C. 841(b)(1)(C) sets forth the penalties for distributing less than 500 grams of cocaine. In relevant part, this statute provides that, in instances where death or serious injury do not follow the use of the controlled substance, an offender: shall be sentenced to a term of imprisonment of not more than 20 years . . . a fine not to exceed . . . $1,000,000 if the person is an individual . . . or both. If any person commits such a violation after one or more prior convictions for . . . a felony under any other . . . law of a State, . . . relating to narcotic drugs, . . . such person shall be sentenced to a term of imprisonment of not more than 30 years . . . a fine not to exceed . . . $2,000,000 if the person is an individual . . . or both. Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years . . . and shall, if there was such a prior conviction, impose 3 During the course of Suveges's change-of-plea hearing, the district judge initially warned him that he would be subject to a 20-year maximum prison term and a three-year supervised release term. These are the maxima that 21 U.S.C. 841(b)(1)(C) prescribes for first offenders. See supra note 3. Despite the ___ _____ fact that the government had neither filed an informational notice nor sought a sentence enhancement, Suveges's attorney informed the judge that a 30-year prison term and a six-year supervised release term were available in Suveges's case. The judge accepted the volunteered correction, warned Suveges about these possible penalties, and, when Suveges reaffirmed his desire to plead guilty, accepted the changed plea. On November 19, 1990, the probation office prepared a presentence investigation report (PSI Report) which revealed that Suveges had a myriad of prior convictions. Among these were state-court convictions for armed robbery (1982), unlawful trafficking in drugs (1983), and reckless conduct involving a dangerous weapon (1987). As a result of these convictions, the probation officer concluded that Suveges qualified for treatment as a career offender under U.S.S.G. 4B1.1.4 The career ____________________ a term of supervised release of at least 6 years in addition to such term of imprisonment. 4This guideline provides that: A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a 4 offender guideline boosted Suveges's overall offense level from ten to thirty-two and shifted his criminal history category from V to VI. In turn, these higher integers yielded a guideline sentencing range (GSR) of 210-262 months. Had Suveges not qualified as a career offender, the GSR would have been 21-27 months. Suveges and his attorney filed objections to the PSI Report. The district court considered these objections at a sentencing hearing held on March 4, 1991. Defense counsel protested the use of the career offender guideline both on constitutional grounds and because Suveges had not been informed that he might be treated as a career offender before he changed his plea. The court inquired whether Suveges wished to withdraw his guilty plea. When he declined, the court overruled his objections, applied the career offender guideline, and sentenced him to a prison term of 210 months. The court also imposed the six-year supervised release term mandated by 21 U.S.C. 841(b)(1)(C) for repeat offenders, see supra note 3, but declined ___ _____ to levy a fine due to Suveges's straitened financial condition. Suveges did not appeal this sentence. On October 2, 1992, Suveges filed this motion to vacate his sentence under U.S.C. 2255. Read in conjunction with his ____________________ controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. 4B1.1. 5 supporting memorandum, Suveges's petition limned a single claim: that his sentence was unlawful because the government, prior to the court's acceptance of his guilty plea, did not file or serve an informational notice detailing the prior convictions which were later used to establish career offender status. Suveges contended that the absence of such a notice violated both 21 U.S.C. 851(a)(1) and the Due Process Clause, thereby requiring that he be resentenced without resort to the career offender guideline. After studying the government's response, the district court summarily denied the section 2255 petition. This appeal followed. II II On appeal, Suveges maintains that the government had an obligation to file and serve an informational notice specifying its intent to employ the career offender guideline before his guilty plea took effect. The government's failure to do so, he contends, disabled the court from sentencing him as a career offender. The government demurs. Relying on United States v. _____________ Sanchez, 917 F.2d 607, 616 (1st Cir. 1990), cert. denied, 111 S. _______ _____ ______ Ct. 1625 (1991), it asserts that 21 U.S.C. 851(a)(1) is inapposite to career offender status; and that, therefore, an informational notice was not essential because Suveges's prior convictions were used merely to establish his career offender status under the sentencing guidelines not to expand the maximum penalties that Congress, in the first instance, had prescribed for the offense(s) of conviction. 6 While we agree that Sanchez defeats Suveges's attack on _______ the lower court's use of the career offender guideline, the record indicates that the district judge and the parties incorrectly assumed that Suveges was subject to the enhanced penalties provided by 21 U.S.C. 841(b)(1)(C) even though the government had not sought enhancement under 21 U.S.C. 851(a)(1). Consequently, we think it is important that we clarify the situation. In Sanchez, this court held an informational notice to _______ be obligatory under 21 U.S.C. 851 only in cases where the government seeks to enhance the statutory minimum or maximum _________ penalties that apply to a given defendant. It follows, then, that section 851 is not in play, and an informational notice is not required, in a situation where, as here, the defendant is sentenced as a career offender to a prison term that falls within a non-enhanced statutory minimum-maximum range. For example, the defendants in Sanchez received 360-month prison terms. As these _______ were within the range prescribed for first offenders under 21 U.S.C. 841(b)(1)(A), ten years to life, an informational notice was not required. See Sanchez, 917 F.2d at 616; see also United ___ _______ ___ ____ ______ States v. Elwell, 984 F.2d 1289, 1297 (1st Cir.) (reaffirming ______ ______ position adopted in Sanchez), cert. denied, 113 S. Ct. 2429 _______ _____ ______ (1993). Our sister circuits toe the same line. See United ___ ______ States v. Day, 969 F.2d 39, 48 (3d Cir. 1992) (explaining that ______ ___ "the government is not required to file a pretrial information to subject a defendant to sentencing as a career offender under 7 U.S.S.G. 4B1.1"); United States v. Koller, 956 F.2d 1408, 1417 _____________ ______ (7th Cir. 1992); United States v. Whitaker, 938 F.2d 1551, 1552 ______________ ________ (2d Cir. 1991), cert. denied, 112 S. Ct. 977 (1992); Young v. _____ ______ _____ United States, 936 F.2d 533, 536 (11th Cir. 1991); United States ______________ _____________ v. McDougherty, 920 F.2d 569, 574 (9th Cir. 1990), cert. denied, ___________ _____ ______ 111 S. Ct. 1119 (1991); United States v. Marshall, 910 F.2d 1241, _____________ ________ 1245 (5th Cir. 1990), cert. denied, 111 S. Ct. 976 (1991); see _____ ______ ___ generally United States v. Novey, 922 F.2d 624, 629 (10th Cir.) _________ _____________ _____ (holding that 851 applies when prior convictions are used to increase the minimum or maximum statutory sentence), cert. _____ denied, 111 S. Ct. 2861 (1991); United States v. Wallace, 895 ______ _____________ _______ F.2d 487, 489-90 (8th Cir. 1990) (observing that, although 851(a)(1) predates the sentencing guidelines, the guidelines do not require the filing of an informational notice when using prior convictions for sentence-enhancement purposes). It would be pleonastic to repeat the reasoning of these numerous cases. Suffice it to say that an informational notice under 21 U.S.C. 851(a)(1) was not a necessary precondition to either the change of plea or the imposition of sentence since Suveges, even after the career offender guideline attached, received an incarcerative sentence of 17 1/2 years, as opposed to the non-enhanced statutory maximum of 20 years applicable to first offenders under the statute of conviction. In as much as application of the career offender guideline to Suveges in the circumstances of this case comported with Due Process Clause, the lower court's summary denial of 2255 relief was, by and large, 8 proper.5 III III There remains one small stumbling block. The record indicates that Suveges did receive an enhanced supervised release term. The district court imposed the mandatory minimum six-year supervision term that 21 U.S.C. 841(b)(1)(C) prescribes for repeat offenders. This constituted an increased punishment which required the filing and service of an informational notice under section 851(a)(1). Nonetheless, the court ignored the statutory requirement. The filing of such an informational notice is jurisdictional. See United States v. Belanger, 970 F.2d 416, 418 ___ _____________ ________ (7th Cir. 1992) ("Failure to file the [ 851] notice prior to trial deprives the district court of jurisdiction to impose an enhanced sentence."); Novey, 922 F.2d at 627 (same); see also _____ ___ ____ Hardy v. United States, 691 F.2d 39, 41 (1st Cir. 1982) (noting _____ ______________ that if the government does not seek a sentence enhancement the district court "is without authority to enhance on its own motion."). Thus, the district court lacked the authority to enhance Suveges's supervised release term to six years.6 ____________________ 5Suveges's due process argument is inextricably intertwined with his statutory argument. Thus, our conclusion that no violation of 21 U.S.C. 851(a)(1) occurred serves to defenestrate Suveges's constitutional claim. 6In the absence of other statutory authority, 18 U.S.C. 3583 authorizes district courts to impose up to five years of supervised release depending upon the classification of a defendant's crimes. The district court categorized Suveges's crimes as Class A felonies. This appears to be in error, for Class A felonies are felonies punishable by death or life 9 To be sure, Suveges did not object below to the imposition of the enhanced term of supervised release and he did not appeal his sentence in the first instance. The failure to raise this objection earlier constitutes a procedural default. See, e.g., Ford v. United States, 983 F.2d 897, 898 (8th Cir. ___ ____ ____ ______________ 1993) (per curiam). Hence, Suveges must show cause and prejudice to obtain collateral relief at this juncture. See United States ___ _____________ v. Frady, 456 U.S. 152, 167-68 (1982). Yet, the record before us _____ suggests that both cause and prejudice arguably might be present. Defense counsel, seemingly unaware that such a penalty was not required unless the government sedulously followed the enhancement procedures set forth in 21 U.S.C. 851(a)(1), invited the court to apply the enhanced recidivist penalty embodied in 21 U.S.C. 841(b)(1)(C). Such an oversight could conceivably constitute sufficient cause to excuse the procedural default before the district court. Cf., e.g., Hardy, 691 F.2d at ___ ____ _____ 42 (noting that a lesser showing of cause is required where the district court lacked authority to impose the sentence because the requirements of 851 were not met). Prejudice appears rather obvious: after all, Suveges received a six-year supervised release term notwithstanding that the governing law only authorized a maximum three-year term. In view of the fact ____________________ imprisonment. See 18 U.S.C. 3559(a)(1). Absent an ___ informational notice sufficient to trigger a 851 enhancement, Suveges's crimes were punishable by a maximum prison term of twenty years and, thus, constituted Class C felonies. See 18 ___ U.S.C. 3559(a)(3). Under 18 U.S.C. 3583(b)(2), no more than three years of supervised release may be imposed for a Class C felony. 10 that the parties did not focus on these issues the first time around, we think the most appropriate course is to remand so that the district court may reconsider this aspect of the matter. Therefore, the judgment below is affirmed in part and vacated only in respect to the imposition of the six-year term of supervised release. The matter is remanded to the district court for further proceedings consistent with this opinion It is so ordered. It is so ordered. ________________ 11