USCA1 Opinion

 

 December 26, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1188 UNITED STATES, Appellee, v. JOSE REYES MUNOZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Jose A. Reyes Munoz on brief pro se. ___________________ Guillermo Gil, United States Attorney, Miguel A. Pereira, ______________ ____________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ ____________________ Per Curiam. We affirm the district court's order of __________ December 21, 1994, denying appellant's motion filed pursuant to 28 U.S.C. 2255. Appellant has failed to demonstrate cause for failing to pursue his timely filed direct criminal appeal, which was dismissed for lack of prosecution. Since we conclude that appellant lacked cause for his procedural default, we need not address whether he suffered prejudice. See Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982). ___ _____ _____ Appellant's contention that he need not demonstrate cause and prejudice for his default is erroneous as it has long been established that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. _____________ _____ 152, 165 (1982); see also Knight v. United States, 37 F.3d ________ ______ ______________ 769, 772-74 (1st Cir. 1994) (applying the cause and prejudice standard to collateral claims of constitutional error, apart from ineffective assistance of counsel claim, not raised on direct review); Suveges v. United States, 7 F.3d 6, 10 (1st _______ _____________ Cir. 1993) (applying cause and prejudice standard to collateral claim of jurisdictional error in case where no direct appeal was taken). Nor has appellant come within the narrow exception to the cause and prejudice requirement by proffering a claim of a fundamental miscarriage of justice tied to a colorable showing of factual innocence. See Burks ___ _____ v. Dubois, 55 F.3d 712, 717 (1st Cir. 1995). ______ -2- Appellant's claim that he let his direct appeal lapse due to his lack of resources and his movement within the prison system is belied by the evidence. In his series of filings in this court, appellant informed us of his ever- changing desires. First, he expressed his intent to proceed pro se. Ten days later, he moved for appointed counsel. We informed him of the need to file, in the district court, a financial affidavit and a motion for leave to proceed in forma pauperis (IFP) on appeal. Rather than file for IFP status in the district court, appellant next informed us that he wanted to withdraw his appeal voluntarily. Shortly thereafter, appellant stated that he wanted to continue his appeal and again requested appointed counsel. We reminded appellant that, in order for us to appoint counsel, he needed to file his IFP motion and financial affidavit in the district court. He never did. Rather, in the district court, he was exhorting that court to decide some post- conviction motions he had filed there because if he obtained the requested relief, he would not need to pursue his direct appeal. District Court docket #187a. Appellant was aware of what he had to do in order to get appointed counsel, but never did it. Moreover, he also knew that he could proceed pro se, if he chose. The pendency of his direct appeal was marked by his own inability to decide what he wanted to do: proceed pro se, obtain appointed -3- counsel, or withdraw his appeal. All of these options were first proffered as his choice, then aborted by his own action or inaction. His final choice was to do nothing and let the appeal be dismissed for lack of prosecution. Nor was his procedural default due to his movement within the prison system. His movement did not impair his ability to correspond with this court (or for that matter with the district court). Each time appellant complained that his mail from this court had been delayed and he requested an enlargement of time to file his statement of issues and/or his brief, he received one. And, while his direct appeal was pending, appellant filed numerous motions and requests in the district court, including six motions seeking reconsideration of his sentence and an additional motion asking that the time he spent on release before sentencing be credited towards his incarceration time. Clearly, appellant's procedural default of his direct appeal was a conscious choice that was not due either to his lack of resources or his movement among prisons. On appeal, appellant raises, for the first time, claims of ineffective assistance of counsel. A claim neither raised in the 2255 motion nor argued in the district court will not be reviewed on appeal. Singleton v. United States, 26 _________ _____________ F.3d 233, 240 (1st Cir.), cert. denied, 115 S. Ct. 517 _____________ (1994). -4- The order of the district court is affirmed. _________ -5-