[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1539

JOHN HOULIHAN,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Circuit Judge,
Bownes, Senior Circuit Judge,
and Lynch, Circuit Judge.

John Houlihan on brief pro se.
Donald K. Stern, United States Attorney, Robert L. Peabody,
Assistant U.S. Attorney, and Nina Goodman, Attorney, Department of
Justice, Washington, D.C., on brief for appellee.

October 21, 1999

Per Curiam. Petitioner John Houlihan, having been
sentenced to multiple life terms for offenses arising out of
his operation of a ruthless drug organization based in
Charlestown, Massachusetts, see United States v. Houlihan, 92
F.3d 1271 (1st Cir. 1996), cert. denied, 519 U.S. 1118 (1997),
appeals from the denial of his motion for relief under 28
U.S.C. 2255. Of the various claims presented, the district
court granted a certificate of appealability (COA) as to one,
and this court later did the same as to a second. With respect
to those two claims, we now affirm; with respect to the
remaining claims, we deny the pending request for a COA.
Our earlier decision having set forth the factual and
procedural background at length, we proceed directly to the
merits. The district court certified for appeal a claim of
ineffective assistance on the part of appellate counsel--
specifically, the charge that a challenge should have been
lodged to the ruling that Sargent's statements to the police
were inadmissible against codefendant Fitzgerald. We find no
basis for concluding that "counsel's performance was deficient"
in this regard. Strickland v. Washington, 466 U.S. 668, 687
(1984). Indeed, to the extent petitioner is alleging that
counsel should have contested the court's application of the
"clear and convincing evidence" standard--a burden of proof
later deemed overly exacting, see Houlihan, 92 F.3d at 1280--
his argument borders on the frivolous. Petitioner had proposed
such a standard below, for obvious reasons. See United States
v. Houlihan, 887 F. Supp. 352, 360 (D. Mass. 1995). Reversing
course on appeal not only would have been procedurally
problematic but, more important, would have undercut his
central thesis that the statements should not have been
admitted against him. Alternatively, petitioner appears to be
contending that the court's ruling was vulnerable to attack
because the evidence of Fitzgerald's involvement in Sargent's
murder was so substantial. Yet the court's decision was based
on the lack of proof that Fitzgerald had been motivated by a
desire to silence Sargent, not on any lack of proof that he had
been involved. In any event, even if counsel's performance
could be deemed unreasonable, no prejudice would arise given
the "extensive evidence" that petitioner helped to orchestrate
Sargent's murder. Houlihan, 92 F.3d at 1293 n.22; see also
Houlihan, 887 F. Supp. at 362-64.
The issue certified by this court involves the two
outstanding convictions under the murder-for-hire statute, 18
U.S.C. 1958. Petitioner contends that the district court
lacked jurisdiction over those charges because the evidence
failed to establish the requisite interstate nexus--i.e., that
he had "used" a "facility in interstate commerce." The sole
pertinent evidence, petitioner asserts, consisted of various
telephone calls from one point in Massachusetts to another. 
See Houlihan, 92 F.3d at 1292-93 (describing such evidence). 
Relying on United States v. Weathers, 169 F.3d 336, 339-43 (6th
Cir.), cert. denied, 1999 WL 350587 (Oct. 4, 1999), and cases
cited therein, he insists that intrastate telephone calls fail
to trigger the statute, with the result that no criminal
offense was committed in this regard.
This claim has been procedurally defaulted. As
petitioner effectively acknowledges, the issue could have been
raised on direct appeal. Accordingly, whether or not the claim
is properly deemed "jurisdictional" in nature, petitioner must
satisfy the cause-and-prejudice test. See, e.g., Suveges v.
United States, 7 F.3d 6, 10 (1st Cir. 1993). He has made only
a perfunctory effort to do so. Although a related claim of
ineffective assistance of counsel was included in his 2255
petition, it was later abandoned; petitioner made no mention
thereof in his 2255 memorandum, in his motion for
reconsideration, or in his brief on appeal, and the references
thereto in his reply brief and supplemental memorandum come too
late. 
Instead, petitioner invokes the "actual innocence"
exception. See, e.g., Murray v. Carrier, 477 U.S. 478, 495-96
(1986). This exception, which is "quite narrow and seldom
used," Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999),
requires a showing of "factual innocence, not mere legal
insufficiency," Bousley v. United States, 118 S. Ct. 1604, 1611
(1998). At best, petitioner has made only a conditional such
showing--one that is contingent upon his prevailing on the
merits of his underlying 1958 claim. That is likely not
enough. Yet we need not resolve the matter, since petitioner's
effort fails for a separate reason. The "actual innocence" or
"miscarriage of justice" exception is a matter of "equitable
discretion," Herrera v. Collins, 506 U.S. 390, 404 (1993),
which is invoked only in the "extraordinary case" where a
petitioner is "truly deserving" of relief from a "fundamentally
unjust incarceration." Schlup v. Delo, 513 U.S. 298, 320-21
(1995) (internal quotation marks omitted). This is not such a
case. Even if petitioner succeeded in overturning his 1958
convictions, he would still be faced with four other life terms
(on counts 1, 2, 8 & 19). Under these circumstances, it cannot
be said that his continued incarceration involves anything
approaching a miscarriage of justice. 
Petitioner's remaining claims, as to which a COA is
sought, require little comment; in each instance, we conclude
that petitioner has failed to make "a substantial showing of
the denial of a constitutional right." 28 U.S.C. 2253(c)(2). 
First, in connection with the Sargent murder, petitioner faults
counsel for failing to pursue exculpatory evidence and failing
to exploit opportunities to discredit a government witness
(Michael Nelson). Even in the unlikely event that counsel was
somehow deficient in this regard, no prejudice would have
ensued. As petitioner acknowledges, other evidence was adduced
to the same effect (suggesting, contrary to Nelson's testimony,
that Nelson rather than codefendant Nardone was the trigger
man). More important, given the extensive evidence that
Sargent's murder was undertaken at petitioner's behest and that
Nardone and Nelson jointly participated therein, which of the
latter two actually pulled the trigger is of little moment
here. Furthermore, Nelson's testimony concerning this murder
was "corroborated by a number of other witnesses." Houlihan,
887 F. Supp. at 362 n.19.
Second, petitioner complains about counsel's failure
to challenge the sentence imposed on the CCE charge (count 19). 
This argument overlooks the grouping rules that were invoked at
sentencing. See May 23, 1995 Tr. at 29-30. The district court
properly applied U.S.S.G. 3D1.2, 3D1.4 and 5G1.2(b) to
arrive at a life sentence. 
Third, it is alleged that the evidence was
insufficient to establish, for purposes of the CCE conviction,
that petitioner was an organizer or supervisor of five or more
persons. Such a claim is not cognizable in a habeas
proceeding. See, e.g., Knight v. United States, 37 F.3d 769
(1st Cir. 1994). It appears frivolous in any event. See
Houlihan, 92 F.3d at 1277 (describing Fitzgerald and petitioner
as "the two ringleaders" of "an elaborate street-level
distribution network"); id. at 1282 (noting that Sargent's
"assessment of [petitioner's] leadership role [was] confirmed
and described in excruciating detail by a galaxy of live
witnesses").
Fourth, invoking United States v. Lopez, 514 U.S. 549
(1995), petitioner asserts that the "violent crimes in aid of
racketeering" statute, 18 U.S.C. 1959 (the subject of counts
7 & 9) is facially invalid under the Commerce Clause. The same
argument was recently rejected in United States v. Torres, 129
F.3d 710, 717 (2d Cir. 1997). Petitioner provides no reason to
question that court's analysis, and we rely thereon.
Finally, petitioner has abandoned a claim pertaining
to the logistics of the sentencing process. In its stead, he 
advances, for the first time on appeal, a challenge to the
government's use of testimony given by witnesses in exchange
for proffered leniency. That contention comes too late and is
in any event meritless. See, e.g., United States v. Lara, 181
F.3d 183, 197-98 (1st Cir. 1999).
As to the two certified claims, the judgment is
affirmed. As to the remaining claims, the application for a
certificate of appealability is denied.