USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1539

 JOHN HOULIHAN,

 Petitioner, Appellant,

 v.

 UNITED STATES,

 Respondent, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Bownes, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 
 
 John Houlihan on brief pro se.
 Donald K. Stern, United States Attorney, Robert L. Peabody,
Assistant U.S. Attorney, and Nina Goodman, Attorney, Department of
Justice, Washington, D.C., on brief for appellee.

October 21, 1999

 
 

 Per Curiam. Petitioner John Houlihan, having been
 sentenced to multiple life terms for offenses arising out of
 his operation of a ruthless drug organization based in
 Charlestown, Massachusetts, see United States v. Houlihan, 92
 F.3d 1271 (1st Cir. 1996), cert. denied, 519 U.S. 1118 (1997),
 appeals from the denial of his motion for relief under 28
 U.S.C. 2255. Of the various claims presented, the district
 court granted a certificate of appealability (COA) as to one,
 and this court later did the same as to a second. With respect
 to those two claims, we now affirm; with respect to the
 remaining claims, we deny the pending request for a COA.
 Our earlier decision having set forth the factual and
 procedural background at length, we proceed directly to the
 merits. The district court certified for appeal a claim of
 ineffective assistance on the part of appellate counsel--
 specifically, the charge that a challenge should have been
 lodged to the ruling that Sargent's statements to the police
 were inadmissible against codefendant Fitzgerald. We find no
 basis for concluding that "counsel's performance was deficient"
 in this regard. Strickland v. Washington, 466 U.S. 668, 687
 (1984). Indeed, to the extent petitioner is alleging that
 counsel should have contested the court's application of the
 "clear and convincing evidence" standard--a burden of proof
 later deemed overly exacting, see Houlihan, 92 F.3d at 1280--
 his argument borders on the frivolous. Petitioner had proposed
 such a standard below, for obvious reasons. See United States
 v. Houlihan, 887 F. Supp. 352, 360 (D. Mass. 1995). Reversing
 course on appeal not only would have been procedurally
 problematic but, more important, would have undercut his
 central thesis that the statements should not have been
 admitted against him. Alternatively, petitioner appears to be
 contending that the court's ruling was vulnerable to attack
 because the evidence of Fitzgerald's involvement in Sargent's
 murder was so substantial. Yet the court's decision was based
 on the lack of proof that Fitzgerald had been motivated by a
 desire to silence Sargent, not on any lack of proof that he had
 been involved. In any event, even if counsel's performance
 could be deemed unreasonable, no prejudice would arise given
 the "extensive evidence" that petitioner helped to orchestrate
 Sargent's murder. Houlihan, 92 F.3d at 1293 n.22; see also
 Houlihan, 887 F. Supp. at 362-64.
 The issue certified by this court involves the two
 outstanding convictions under the murder-for-hire statute, 18
 U.S.C. 1958. Petitioner contends that the district court
 lacked jurisdiction over those charges because the evidence
 failed to establish the requisite interstate nexus--i.e., that
 he had "used" a "facility in interstate commerce." The sole
 pertinent evidence, petitioner asserts, consisted of various
 telephone calls from one point in Massachusetts to another. 
 See Houlihan, 92 F.3d at 1292-93 (describing such evidence). 
 Relying on United States v. Weathers, 169 F.3d 336, 339-43 (6th
 Cir.), cert. denied, 1999 WL 350587 (Oct. 4, 1999), and cases
 cited therein, he insists that intrastate telephone calls fail
 to trigger the statute, with the result that no criminal
 offense was committed in this regard.
 This claim has been procedurally defaulted. As
 petitioner effectively acknowledges, the issue could have been
 raised on direct appeal. Accordingly, whether or not the claim
 is properly deemed "jurisdictional" in nature, petitioner must
 satisfy the cause-and-prejudice test. See, e.g., Suveges v.
 United States, 7 F.3d 6, 10 (1st Cir. 1993). He has made only
 a perfunctory effort to do so. Although a related claim of
 ineffective assistance of counsel was included in his 2255
 petition, it was later abandoned; petitioner made no mention
 thereof in his 2255 memorandum, in his motion for
 reconsideration, or in his brief on appeal, and the references
 thereto in his reply brief and supplemental memorandum come too
 late. 
 Instead, petitioner invokes the "actual innocence"
 exception. See, e.g., Murray v. Carrier, 477 U.S. 478, 495-96
 (1986). This exception, which is "quite narrow and seldom
 used," Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999),
 requires a showing of "factual innocence, not mere legal
 insufficiency," Bousley v. United States, 118 S. Ct. 1604, 1611
 (1998). At best, petitioner has made only a conditional such
 showing--one that is contingent upon his prevailing on the
 merits of his underlying 1958 claim. That is likely not
 enough. Yet we need not resolve the matter, since petitioner's
 effort fails for a separate reason. The "actual innocence" or
 "miscarriage of justice" exception is a matter of "equitable
 discretion," Herrera v. Collins, 506 U.S. 390, 404 (1993),
 which is invoked only in the "extraordinary case" where a
 petitioner is "truly deserving" of relief from a "fundamentally
 unjust incarceration." Schlup v. Delo, 513 U.S. 298, 320-21
 (1995) (internal quotation marks omitted). This is not such a
 case. Even if petitioner succeeded in overturning his 1958
 convictions, he would still be faced with four other life terms
 (on counts 1, 2, 8 & 19). Under these circumstances, it cannot
 be said that his continued incarceration involves anything
 approaching a miscarriage of justice. 
 Petitioner's remaining claims, as to which a COA is
 sought, require little comment; in each instance, we conclude
 that petitioner has failed to make "a substantial showing of
 the denial of a constitutional right." 28 U.S.C. 2253(c)(2). 
 First, in connection with the Sargent murder, petitioner faults
 counsel for failing to pursue exculpatory evidence and failing
 to exploit opportunities to discredit a government witness
 (Michael Nelson). Even in the unlikely event that counsel was
 somehow deficient in this regard, no prejudice would have
 ensued. As petitioner acknowledges, other evidence was adduced
 to the same effect (suggesting, contrary to Nelson's testimony,
 that Nelson rather than codefendant Nardone was the trigger
 man). More important, given the extensive evidence that
 Sargent's murder was undertaken at petitioner's behest and that
 Nardone and Nelson jointly participated therein, which of the
 latter two actually pulled the trigger is of little moment
 here. Furthermore, Nelson's testimony concerning this murder
 was "corroborated by a number of other witnesses." Houlihan,
 887 F. Supp. at 362 n.19.
 Second, petitioner complains about counsel's failure
 to challenge the sentence imposed on the CCE charge (count 19). 
 This argument overlooks the grouping rules that were invoked at
 sentencing. See May 23, 1995 Tr. at 29-30. The district court
 properly applied U.S.S.G. 3D1.2, 3D1.4 and 5G1.2(b) to
 arrive at a life sentence. 
 Third, it is alleged that the evidence was
 insufficient to establish, for purposes of the CCE conviction,
 that petitioner was an organizer or supervisor of five or more
 persons. Such a claim is not cognizable in a habeas
 proceeding. See, e.g., Knight v. United States, 37 F.3d 769
 (1st Cir. 1994). It appears frivolous in any event. See
 Houlihan, 92 F.3d at 1277 (describing Fitzgerald and petitioner
 as "the two ringleaders" of "an elaborate street-level
 distribution network"); id. at 1282 (noting that Sargent's
 "assessment of [petitioner's] leadership role [was] confirmed
 and described in excruciating detail by a galaxy of live
 witnesses").
 Fourth, invoking United States v. Lopez, 514 U.S. 549
 (1995), petitioner asserts that the "violent crimes in aid of
 racketeering" statute, 18 U.S.C. 1959 (the subject of counts
 7 & 9) is facially invalid under the Commerce Clause. The same
 argument was recently rejected in United States v. Torres, 129
 F.3d 710, 717 (2d Cir. 1997). Petitioner provides no reason to
 question that court's analysis, and we rely thereon.
 Finally, petitioner has abandoned a claim pertaining
 to the logistics of the sentencing process. In its stead, he 
 advances, for the first time on appeal, a challenge to the
 government's use of testimony given by witnesses in exchange
 for proffered leniency. That contention comes too late and is
 in any event meritless. See, e.g., United States v. Lara, 181
 F.3d 183, 197-98 (1st Cir. 1999).
 As to the two certified claims, the judgment is
 affirmed. As to the remaining claims, the application for a
 certificate of appealability is denied.