**UNITED STATES of America,**
**Appellee,**

v.

**Norman E. FRISBY, Defendant,**
**Appellant.**

**No. 99–2288.**

United States Court of Appeals,
First Circuit.

Submitted June 20, 2001.

Decided Aug. 6, 2001.

Donald C. Lockhart, Assistant United States Attorney, Margaret E. Curran, United States Attorney and Mary E. Rogers, Assistant United States Attorney on brief for appellee.

Richard F. Comenzo on brief for appellant.

Before BOUDIN, Chief Judge, TORRUELLA and LYNCH, Circuit Judges.

LYNCH, Circuit Judge.

As a result of three heroin transactions over several weeks in which Norman Frisby sold 0.8 grams of heroin, he was sentenced (after his guilty plea) to 151 months, or more than 12 years imprisonment. The lengthy sentence resulted from the district court's finding that Frisby was a career offender, based on at least two (in fact, five) prior state convictions for distribution of heroin. Frisby says he is a drug addict. If Frisby had not been a career offender, his sentencing range would have been 24 to 30 months, or roughly 10 years less.

Frisby appeals from his sentence, making three arguments. First, he claims that the sentencing guidelines' career offender provision, U.S.S.G. § 4B1.1, conflicts with 28 U.S.C. § 994(h), and contends that his sentence is unlawful. Second, he claims that his sentence violates the Eighth Amendment because it is grossly disproportionate to the gravity of his offense. Third, he claims a breach of plea agreement (or fraud in the inducement) because the government agreed not to file an information under 21 U.S.C. § 851, but then argued his prior criminal history should be used to increase his sentence under the career offender provision. Frisby requests this Court to recalculate his sentence as a non-career offender or to reverse the district court's career offender finding and remand to reevaluate his sentence. We deny Frisby's request and affirm the sentence.

## I.

On June 30, 1999, a federal grand jury indicted Frisby on three counts of distributing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Two months later, Frisby pled guilty to all three charges. In exchange for Frisby's plea, the government agreed (1) to recom-

mend the lowest term of imprisonment for the offense level determined by the court under the sentencing guidelines; (2) to recommend a reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1; and (3) not to file an information under 21 U.S.C. § 851 seeking an enhanced sentence due to Frisby's prior drug convictions. The district court accepted Frisby's plea and notified him that it could not advise him of the nature of his sentence because his Pre–Sentence Report had not been completed.

On October 15, 1999, the Probation Department filed Frisby's PSR, which concluded that under U.S.S.G. § 2D1.1 Frisby's base offense level was 12, but that the offense level increased to 32 upon applying the guidelines' career offender provision.[1] The PSR credited Frisby with a three-level reduction in his offense level for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(b)(2), yielding an offense level of 29 and a recommended prison range of 151 to 188 months.

On November 4, 1999, Frisby's counsel filed a motion for a downward departure. The motion stated that (1) Frisby suffered from poor representation in his prior cases; (2) his prior offenses involved exceedingly small quantities of heroin; (3) he was a drug addict; (4) the three charged offenses involved exceedingly small quantities of heroin; and (5) the proposed sentence was significantly greater than it would have been had the PSR not applied the career offender provision. At the November 18, 1999, sentencing hearing, Frisby's counsel renewed these objections orally. These were the only objections raised prior to or at the sentencing hearing. The

district court considered and denied the departure motion, and sentenced Frisby to 151 months of incarceration plus 3 years of supervised release. Frisby now challenges his sentence as in violation of law. All three of Frisby's claims are forfeited because he did not raise them in the district court. Reviewing his claims for plain error, we decide all three claims against Frisby.

## II.

Frisby did not raise his objections in the district court and so they are forfeited. Nonetheless, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Falu–Gonzalez*, 205 F.3d 436, 440–41 (1st Cir.2000).

■ Frisby argues that de novo review remains appropriate because he never acknowledged the court's power to impose this sentence and because he filed an objection to the PSR prior to sentencing. Frisby's failure affirmatively to acknowledge the court's power to impose this sentence is insufficient to preserve his objections. *See United States v. Slade*, 980 F.2d 27, 30–31 (1st Cir.1992) (litigants must develop arguments in the district court to preserve them for appeal). Furthermore, the arguments Frisby made to the district court are not the same arguments he makes here, and so his earlier-filed objections are irrelevant to whether he forfeited the arguments in this case. *See United States v. Dietz*, 950 F.2d 50, 55 (1st Cir.1991).

We hold that Frisby's claims are forfeited, but review his claims on the merits under the plain error standard.

---

1. Frisby had several prior convictions, including a 1984 heroin delivery conviction, a 1985 possession of heroin conviction, a 1985 heroin delivery conviction, a 1986 heroin delivery conviction, a 1986 heroin delivery and conspiracy to violate the Rhode Island Controlled Substances Act conviction, a 1990 heroin delivery conviction, and a 1993 heroin possession conviction.

### III.

Frisby first raises a statutory interpretation argument. His argument proceeds as follows: (1) the career offender guideline conflicts with 28 U.S.C. § 994(h); (2) § 994(h) trumps that guideline; (3) he is not a career offender under § 994(h); and therefore, (4) he was unlawfully sentenced as a career offender under the guideline.

Section 994(h) states:

The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), *and* the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.); and

(2) has previously been convicted of two or more prior felonies, each of which is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), *and* the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.).

28 U.S.C. § 994(h) (1994 & Supp.2001) (emphases added).

Based on the underscored "ands" above, Frisby argues that § 994(h) only authorizes sentences "at or near the maximum term" for defendants who are convicted of, and have previously been convicted two or more times of, violations of the Controlled Substances Act, sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act, *and* the Maritime Drug Law Enforcement Act. He asserts that the convictions must be under *all* of the listed statutes.

In contrast to § 994(h), U.S.S.G. § 4B1.1 classifies defendants as career criminals if they are over 18 years old, are charged with a crime of violence or a controlled substance offense, and have at least two prior violent crime or controlled substance felony convictions. Section 4B1.1 does not require defendants to have violated several *different* controlled substance statutes.

Frisby argues that the plain text of § 994(h), as well as a purported congressional purpose to combat drug traffickers (as opposed to drug dealers), demonstrates that his classification as a career offender under U.S.S.G. § 4B1.1 is unlawful under § 994(h), and thus constitutes error by the district court. Frisby's challenge is limited to the claim that § 4B1.1 is not a permissible interpretation of § 994(h). He does not dispute that § 4B1.1, on its own terms, applies to his case.

■ Frisby's claim fails for two reasons. First, even accepting his premise that the statutes enumerated in § 994(h) are the exclusive statutes that may trigger § 4B1.1, nonetheless § 994(h) applies on its own terms to Frisby's case. This is because, contrary to Frisby's reading of the statute, § 994(h) uses "and" in the alternative sense, not in the cumulative sense. The fact that Frisby's charged heroin offenses and two or more of his prior offenses constitute offenses described in 21 U.S.C. § 841 is sufficient under § 994(h)—

the government need not charge him with a violation of each and every statute enumerated in § 994(h) for that section to apply.

Our reading is reinforced by the fact that Frisby's alternative construction—requiring a violation of every criminal prohibition enumerated in § 994(h)—does not make sense in context. Frisby's cramped interpretation confines the statute's scope to a narrow and haphazard segment of cases, which Congress could not have intended. There appears to be no reason why Congress would have limited the category of career offenders to individuals committing controlled substance offenses that happen simultaneously to violate *all* of the provisions enumerated in § 994(h). Frisby's literalism would produce unintended results. *See United States v. Ramirez–Ferrer*, 82 F.3d 1131, 1141–42 & n. 12 (1st Cir.1996) (en banc).

Frisby's claim also fails for an independent reason: § 994(h) does not tightly constrain the list of drug related crimes that trigger career offender treatment under the guidelines. *United States v. Piper*, 35 F.3d 611, 618 & n. 5 (1st Cir.1994). Section 994(h) "directed the [Sentencing] Commission to accord career offender treatment to whatever drug-related crimes the Commission believed to be on a par with the offenses enumerated in section 994(h)." *Id.* at 618 n. 5. The drug related offenses listed in § 994(h) are illustrative, not exhaustive of the offenses invoking career offender treatment. For instance, we have established that § 4B1.1 properly applies to state-enacted controlled substance statutes despite the fact that these statutes are not listed in § 994(h). *See Piper*, 35 F.3d at 619–20; *United States v. Beasley*, 12 F.3d 280, 284 (1st Cir.1993). Similarly, § 4B1.1 applies to certain conspiracy offenses not enumerated in § 994(h). *United States v. Lindia*, 82

F.3d 1154, 1162 (1st Cir.1996). The fact that Frisby's charged heroin offenses and several of his prior convictions constitute controlled substance offenses is sufficient to invoke § 4B1.1 because these offenses are on a par with the offenses enumerated in § 994(h)—these offenses need not be specifically enumerated in the statute. *See Beasley*, 12 F.3d at 284.

The district court did not commit any error at all, much less plain error.

**IV.**

■ Frisby argues that his sentence violates the Eighth Amendment because it is a penalty grossly disproportionate to the gravity of his offense. Under *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), a defendant seeking proportionality review must demonstrate an "initial inference of gross disproportionality." *United States v. Cardoza*, 129 F.3d 6, 18 (1st Cir.1997) (quoting *Tart v. Massachusetts*, 949 F.2d 490, 503 n. 16 (1st Cir.1991)). Frisby has not met this threshold burden. Frisby was sentenced as a career offender, not simply as a drug dealer. His sentence reflects a judgment not only about the severity of his controlled substance offenses, but also about the danger of his persistent recidivism. Although he cites statistics comparing his sentence to the sentences of others convicted of drug trafficking, these statistics are inapposite because they fail to compare his sentence to the sentence of other career offenders. *See United States v. McDougherty*, 920 F.2d 569, 576 (9th Cir. 1990) (statistics comparing sentences of career offenders and non-career offenders inapplicable to the Eighth Amendment disproportionality inquiry).

Though the sentence may seem to some to be severe, it is not even arguably unconstitutional. *See, e.g., Harmelin*, 501 U.S. at 994–96, 111 S.Ct. 2680. "Congress—not

the judiciary—is vested with the authority to define, and attempt to solve, the societal problems created by drug trafficking.... The Supreme Court has made it plain that the use of severe penalties as part of the legislative armamentarium does not constitute cruel and unusual punishment." *United States v. Saccoccia,* 58 F.3d 754, 789 (1st Cir.1995).

## V.

Frisby's final argument is that the government committed either a breach of his plea agreement or fraud in the inducement by promising not to file an information pursuant to 21 U.S.C. § 851, but then taking the position that Frisby's prior criminal history should be used to increase his sentence under the career offender guideline. In the plea agreement, the government agreed that it would "not file an Information pursuant to 21 U.S.C. § 851 seeking an enhanced sentence due to a prior drug conviction." The government kept its word. Frisby argues that the government nonetheless violated the agreement by using his criminal history to seek an increased sentence under the career offender guideline.

Frisby is mistaken. First, the plea agreement did not involve any promise to abstain from seeking a § 4B1.1 enhancement. Frisby's claim that the government's promise not to file a § 851 information implicitly included a promise not to seek a § 4B1.1 enhancement muddles the distinction between § 851 and § 4B1.1. *See Suveges v. United States,* 7 F.3d 6, 9 (1st Cir.1993). The government must file an information under § 851 to seek enhancement of the statutory maximum penalty based on prior convictions. *See* 21 U.S.C. § 851(a)(1); *Suveges,* 7 F.3d at 9. An information is not required or even relevant when, as in this case, the government seeks a penalty at or near the unenhanced statutory maximum based on the defendant's career offender status under the guidelines. *Suveges,* 7 F.3d at 9; *United States v. Elwell,* 984 F.2d 1289, 1297 (1st Cir. 1993). It follows that the government did not commit a breach of the plea agreement by agreeing not to file a § 851 information, but then arguing Frisby's prior criminal history should be used to increase his sentence under § 4B1.1, because the two provisions are analytically distinct.

Second, the government did not make an "end-run" around its promise not to file a § 851 information. If the government had filed a § 851 information, Frisby's maximum prison term under 21 U.S.C. § 841 would have risen from 20 to 30 years. *See* 21 U.S.C. § 841(b)(1)(C) (1994). Based on this enhanced statutory maximum, Frisby's career offender base offense level would have risen from 32 to 34. *See* U.S.S.G. § 4B1.1(B). After his three-level credit for acceptance of responsibility, Frisby's prison sentence range would have risen from 151–188 months to 188–235 months. As a result of the plea agreement, the *minimum* sentence Frisby could have received had the government filed an information became the *maximum* sentence he could receive when the government kept its promise by not filing an information. Frisby reaped the benefit of a lower range of potential sentences despite the fact that he was sentenced as a career offender under § 4B1.1.

## VI.

For these reasons, the judgment of the district court is *affirmed.*