**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 02-1385

WEST WATERS,

Plaintiff, Appellee,

v.

EARTHLINK, INC., and ONEMAIN.COM, INC.,

Defendants, Appellants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Farris,* Senior Circuit Judge,
and Howard, Circuit Judge.

---

Christopher F. Robertson, with whom Brian E. Pastuszenski, Colleen M. Geary, and Testa, Hurwitz & Thibeault, LLP were on brief, for appellants.
Bruce A. Bierhans, with whom Law Office of Bruce A. Bierhans, Carlin J. Phillips and Phillips & Garcia, LLP were on brief, for appellee.

---

October 31, 2003

---

*Of the Ninth Circuit, sitting by designation.

**Per Curiam**.  This putative class action suit arises out of plaintiff West Waters' complaints about allegedly poor internet service.  Defendants-appellants Earthlink, Inc., and OneMain.com, Inc., appeal the district court's refusal to dismiss or stay the action pending arbitration.

Plaintiff is an individual who resides in Wellfleet, Massachusetts, and was a customer of a local internet service provider (ISP) that was acquired by OneMain in 1999.  In September 2000, OneMain became a wholly owned subsidiary of Earthlink.  Plaintiff brought a state court action alleging that, following OneMain's acquisition of the ISP with whom he had originally contracted, OneMain (and then Earthlink) breached their assumed agreement(s) to provide him with adequate internet services and committed unfair or deceptive trade practices in violation of Mass. Gen. Laws chapter 93A.

Defendants removed the case to the district court on the basis of diversity jurisdiction and thereafter moved to dismiss or stay it pending arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3.  The district court denied the order without prejudice and permitted discovery to proceed because, in its view, defendants had not established that plaintiff had in fact agreed to arbitrate any disputes he might have with them.  Defendants have taken an immediate appeal from the district court's order under 9 U.S.C. § 16(a)(1)(C), see Intergen N.V. v. Grina, No. 03-1056, 344

F.3d 134, 140 (1st Cir. 2003), arguing that the district court erred in (1) concluding that they had not established the existence of a binding agreement to arbitrate between themselves and plaintiff, and (2) ordering unlimited discovery. Even assuming we have jurisdiction to address it (an issue ignored by the parties), defendants' second argument was not made with sufficient specificity in the district court to preserve it for appellate review. See United States v. Frisby, 258 F. 3d 46, 48 (1st Cir. 2001). Accordingly, we proceed directly to the merits of their first appellate argument.

Our review of the record convinces us that the district court's conclusion was sound. In support of their motion, defendants submitted a copy of a OneMain license and service agreement that contains an arbitration provision which purports to bind its customers, and an affidavit stating that links to the agreement were placed on the web site of both the ISP with whom plaintiff had contracted and OneMain's own website. Conspicuously absent, however, is any convincing explanation why we should conclude that plaintiff should have seen these links. Nor is there other compelling evidence that plaintiff was, or should have been, on notice that he was bound to arbitrate any dispute he might have with OneMain. Were OneMain customers only able to access the internet through these websites? How prominently were the links displayed? How were they labeled or explained? None of these

potentially relevant issues is answered by the record.  And absent a showing that it is reasonable to assume that plaintiff would have seen the links, we are at a loss to see how he could be found to have agreed to arbitrate any disputes with defendants.

Even more fundamentally, we have serious doubts that this case meets the amount-in-controversy requirement of 28 U.S.C. § 1332, the basis on which it was removed.  While we recognize that dismissal for failure to establish the amount-in-controversy requirement (here, more than $75,000) is appropriate only if the court is satisfied to a legal certainty that plaintiff is not entitled to recover from defendants the jurisdictional minimum, see, e.g., Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001), we do not presently see how plaintiff's actual damages, even if multiplied under ch. 93A, could approach such a figure.[1]  After all, the amount-in-controversy must be satisfied independent of other plaintiffs' claims or any attorneys' fees to which the class may be statutorily entitled.  See id. at 7-10.

Because the district court is better situated to resolve any amount-in-controversy issue, we are content for present purposes simply to raise it.[2]  For the reasons set forth above, we

---

[1]We note that the furniture company that plaintiff owns, and which allegedly was harmed by defendants' lapses, is not a named plaintiff.

[2]The district court has, of course, authorized full discovery, and that may shed light on the amount actually in controversy.

affirm the denial without prejudice of defendants' motion to dismiss or stay.

**<u>Affirmed</u>**.