760 F.2d 1249
 2 Fed.R.Serv.3d 112
 Steven J. FITZGERALD, Plaintiff-Appellant, Cross-Appellee,
v.
SEABOARD SYSTEM RAILROAD, INC., Defendant-Appellee, Cross-Appellant,
and
SEABOARD SYSTEM RAILROAD, INC., Third-Party Plaintiff-Appellant.
v.
GEORGIA PORTS AUTHORITY, Third-Party Defendant-Appellee.
 No. 84-8633.
 United States Court of Appeals,
Eleventh Circuit.
 May 21, 1985.
 
 Grayson P. Lane, Brunswick, Ga. (argued), Fred T. Stapp, Jacksonville, Fla., for Fitzgerald.
 Randall A. Jordan (argued), Mark J. Bujold, Brunswick, Ga., for Seaboard.
 George H. Chamlee, Savannah, Ga., Daniel M. Formby, Asst. Atty. Gen. (argued), Atlanta, Ga., for Georgia Ports.
 Appeals from the United States District Court for the Southern District of Georgia.
 Before KRAVITCH and CLARK, Circuit Judges, and WRIGHT*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a jury verdict in favor of the plaintiff Fitzgerald and against the defendant Seaboard System in the sum of $450,000.00 and judgment entered thereon. Subsequent to that judgment the district court entered a judgment in favor of the Georgia Ports Authority and against the Seaboard System, finding that the Seaboard could not collect indemnification from the Georgia Ports Authority based upon an indemnity agreement entered into between those two parties. Seaboard brings this appeal from both the jury verdict against it and the judgment entered by the court in favor of Georgia Ports Authority denying indemnification.
 
 
 2
 Prior to oral argument, the court notified counsel that it had a question with respect to whether diversity jurisdiction existed in this case between the original plaintiff Fitzgerald and the defendant Seaboard. In his complaint, the plaintiff alleged that he was a citizen of the State of Florida and "defendant Seaboard System Railroad, Inc., is a corporation incorporated under the laws of the State of Virginia having its principal place of business in a state other than the State of Florida...."[1] Plaintiff further alleged that the matter in controversy exceeded, exclusive of interest and costs, the sum of $10,000.00.
 
 
 3
 In its answer, the defendant Seaboard alleged "[r]esponding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, this Defendant admits that it is a foreign corporation and that the Plaintiff seeks damages in excess of Ten Thousand ($10,000.00) Dollars." The parties entered into a consolidated pre-trial order which was approved by the district court.[2] With respect to jurisdiction the pre-trial order stated: "[t]he jurisdiction of this Honorable Court is founded on diversity of citizenship and amount in controversy. Plaintiff is a citizen of the State of Florida and the Defendant, Seaboard System Railroad, Inc., is a corporation organized and existing under the laws of the State of Virginia and having its principal place of business in a state other than Florida."
 
 
 4
 Sua sponte the court raised the issue of whether the principal place of business of the defendant Seaboard System, Inc. might be in Florida. Noting that the plaintiff had not alleged the principal place of business of the defendant Seaboard and wishing to be assured that the parties had not themselves attempted to confer jurisdiction upon the court of a case in which diversity might be lacking, the court asked counsel to submit written briefs with respect to whether diversity jurisdiction existed. The defendant Seaboard responded by brief and at oral argument with the contention that the principal place of business of the Seaboard is in Jacksonville, Florida, that counsel for the defendant erroneously overlooked this fact, as did apparently house counsel for defendant Seaboard to whom the pleadings were forwarded.
 
 
 5
 Counsel for the plaintiff both by brief and at oral argument urged that this court lacked the power to look behind the pleadings and the pre-trial order of the district court which found diversity jurisdiction. In response to oral interrogation, counsel for plaintiff stated that he did not know the location of the principal place of business of the Seaboard, but that it could be in Tennessee, Virginia, or Georgia. He urged that there was no legal basis authorizing an appellate court to remand a case to the district court for a factual determination of the location of the principal place of business of the Seaboard. He further argued that for this court to do so it would have to base such a decision upon information known to the court which was derived from sources outside the record and unknown to the plaintiff.
 
 
 6
 We disagree with counsel for the plaintiff and remand this case to the district court for a determination of the jurisdiction question raised herein. A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises. Philbrook v. Glodgett, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 511, 93 S.Ct. 2222, 2225, 37 L.Ed.2d 109 (1973) (Courts of Appeals and the Supreme Court have a duty to see to it that jurisdiction of the district court is not exceeded.). No member of this panel knows where the Seaboard System has its principal place of business. At oral argument plaintiff's counsel failed to inform us of that fact, although the complaint alleged that the Seaboard's principal place of business was someplace other than Florida.
 
 
 7
 It is a well known fact that parties cannot confer jurisdiction upon the federal courts. In Basso v. Utah Power and Light Co., 495 F.2d 906 (10th Cir.1974) the Tenth Circuit stated:
 
 
 8
 Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.... The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, ... but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence.... Thus, the party invoking the federal court's jurisdiction bears the burden of proof....
 
 
 9
 If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte.... Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation....
 
 
 10
 Id. at 909 (citations omitted) (emphasis added); see also Caffery v. New York Central Railroad Co., 324 F.2d 711, 712 (2d Cir.1963) (per curiam). Concluding that the plaintiff has not fulfilled his duty in establishing the principal place of business of the defendant Seaboard, as is his obligation, and recognizing the presumption against federal court jurisdiction, we remand this case to the district court for a factual and legal determination of the issue of diversity jurisdiction.
 
 
 11
 It is axiomatic that federal jurisdiction can never be created by the parties. Even though a particular litigant or both litigants in a case may for some reason desire to be in federal court, there is an obligation to admit the lack of jurisdiction where it does not exist and to make inquiry when jurisdiction is uncertain. Fed.R.Civ.P. 11 authorizes sanctions against a party or parties and their counsel who fail to make reasonable inquiry into the facts or law underlying a pleading or motion. In a situation where a party or the parties attempt to create jurisdiction that does not exist, the sanctions permissible pursuant to Fed.R.Civ.P. 11 should be and will be utilized. Likewise, where there is no good faith effort to determine if jurisdiction is present Rule 11 sanctions are appropriate.
 
 
 12
 Pending the entry of an order respecting jurisdiction, this court will retain jurisdiction.
 
 
 13
 REMANDED for determination of jurisdiction.
 
 
 
 *
 Honorable Eugene A. Wright, U.S. Circuit Judge for the Ninth Circuit, sitting by designation
 
 
 [1]
 28 U.S.C. Sec. 1332(c), relating to diversity jurisdiction and corporations states:
 (c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.
 
 
 [2]
 The district court's order stated that the consolidated pre-trial order offered by the parties superseded the pleadings