United States Court of Appeals,

Eleventh Circuit.

No. 97-6788.

Roy Anthony HARRIS, Petitioner-Appellee,

v.

UNITED STATES of America, Respondent-Appellant.

Aug. 13, 1998.

Appeal from the United States District Court for the Middle District of Alabama. (Nos. CR-93-216-N, CV-94-D-1023-N), Ira De Ment, Judge.

Before DUBINA and MARCUS, Circuit Judges, and HILL, Senior Circuit Judge.

MARCUS, Circuit Judge:

Appellant Harris was sentenced in the United States District Court for the Middle District of Alabama after pleading guilty to charges of distribution of marijuana and cocaine. Harris argues in this § 2255 petition that the district court erred in holding that he had procedurally defaulted his challenge to the court's jurisdiction to impose an enhanced sentence based on a prior conviction. We agree and therefore reverse and remand for re-sentencing.

I.

On August 4, 1993, Harris was indicted for conspiracy to distribute and possess with intent to distribute cocaine (Count I), distribution of marijuana (Count II), and distribution of cocaine (Count III). Soon thereafter, on September 21, 1993, Harris appeared in court to enter a guilty plea to Counts II and III of the indictment.[1] During the course of the plea hearing, the prosecutor stated that he "did not know that Mr. Harris was going to enter a plea this morning." When asked if he had

---

[1]The government agreed to dismiss Count I.

any objections to the plea, he responded, "No, Your Honor, I don't. However, it was the United States' intention to file a notice of prior conviction on Mr. Harris, and I have not had an opportunity to do that." The district court responded, "Okay. The Court will accept it when you file it." The court then accepted Harris's plea of guilty. The government filed the information pursuant to 21 U.S.C. § 851 shortly after the plea hearing, and thereafter, on November 23, 1993, the court applied the enhancement in sentencing Harris to 120 months imprisonment. Harris did not take a direct appeal from the conviction. Rather, on August 8, 1994, he filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, alleging that (1) his counsel was ineffective because she failed to appeal his sentence pursuant to his request; (2) the prosecutor failed to file an information to establish his prior conviction *before* he entered his guilty plea, as required by 21 U.S.C. § 851(a)(1); and (3) he did not receive notice that his sentence would be enhanced. The district court denied that motion, adopting the magistrate judge's report and recommendation finding that Harris procedurally defaulted his claims, and that the failure of his counsel to file a direct appeal regarding the § 851 issue resulted in no prejudice because he was on full record notice of the government's intention to use his prior conviction and its consequences. Harris then appealed the denial of his § 2255 motion to this Court. We remanded the case to the district court for an evidentiary hearing on Harris's allegation that he requested his counsel to file a direct appeal. *Harris v. United States,* No. 96-6165, slip op. at 5 (11th Cir. April 28, 1997). Thereafter, the district court held such a hearing and found that he did not do so. Harris then filed this appeal of the § 851 issue.

II.

2

We review the district court's conclusion of law *de novo*. *See Macklin v. Singletary,* 24 F.3d 1307, 1312-13 (11th Cir.1994), *cert. denied,* 513 U.S. 1160, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995).

Title 21, Section 851 of the United States Code provides:

(a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts....

...

(b) If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

The Eleventh Circuit and its predecessor court have unambiguously and repeatedly held that a district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of § 851(a).[2]  As we observed in *United States v. Olson:*

An enhanced sentence is a special remedy prescribed by the Congress;  prosecutorial discretion is vested in the executive branch of the government, and the district court has no

---

[2]During oral argument, Appellee pointed to *United States v. Weaver,* 905 F.2d 1466, 1481 (11th Cir.1990), for the proposition that the government is not required to strictly comply with the procedural requirements of § 851. In *Weaver,* the Court did not purport to hold that strict compliance with § 851 is not required. Indeed, the Court reaffirmed that strict compliance is mandatory, *see id.* at 1481 (citing *Noland,* 495 F.2d at 533 and *Cevallos,* 538 F.2d at 1126-27), and then concluded that the government strictly complied with § 851 because it timely served defense counsel with the information *prior* to trial and notified the court prior to the commencement of jury selection.

authority to exercise it or pretermit it.  As we have pointed out, Congress advisedly vested this discretion in the prosecutor.  Unless and until prosecutorial discretion is invoked and the government files and serves an information as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence;  it can no more enhance the sentence than it could impose imprisonment under a statute that only prescribes a fine.  Harmless error cannot give the district court authority that it does not possess.

716 F.2d 850, 853 (11th Cir.1983).  In *Olson,* we explicitly reaffirmed the holdings of the former Fifth Circuit in *United States v. Cevallos,* 538 F.2d 1122, 1125 n. 4 (5th Cir.1976) (describing prior holding in *Noland* as finding that "the failure to file the information of previous conviction prior to trial deprived the district court of jurisdiction to impose an enhanced sentence")[3] and *United States v. Noland,* 495 F.2d 529, 533 (5th Cir.1974) (holding that the mandatory language of § 851 "restrict[s] the court's authority to impose enhanced sentences to cases where the information is filed with the court and served on the defendant before trial").[4]  Thus, even where a defendant receives actual notice that the government intends to rely on a previous conviction to enhance his sentence, the district court lacks jurisdiction to impose an enhanced sentence *until* the government files an information as required under § 851.  *See Noland,* 495 F.2d at 533.  Congress could not have more

---

[3]In *Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[4]Four other circuit courts of appeals—the First, the Sixth, the Seventh, and the Tenth—have likewise found that § 851(a) imposes a jurisdictional requirement. *See United States v. Hill,* 142 F.3d 305, 312 (6th Cir.1998) ("Section 851(a)(1) imposes a jurisdictional requirement granting the district court jurisdiction to enhance a defendant's sentence only when the United States attorney files an information with the court, stating in writing the previous convictions to be relied on.");  *United States v. Romero-Carrion,* 54 F.3d 15, 17-18 (1st Cir.1995) ("It is clear ... that failure to file the information required by section 851(a) deprives the district court of jurisdiction to impose an enhanced sentence.");  *United States v. Belanger,* 970 F.2d 416, 418 (7th Cir.1992) ("Failure to file the notice prior to trial deprives the district court of jurisdiction to impose an enhanced sentence.");  *United States v. Wright,* 932 F.2d 868, 882 (10th Cir.1991) ("Failure to file the information prior to trial deprives the district court of jurisdiction to impose an enhanced sentence.").

clearly evinced its purpose in providing for an enhanced sentence under § 851 only when the government seeks it by filing an information *prior* to trial or plea.

Because the government failed to file an information concerning Harris's prior conviction before the acceptance of his plea, the district court plainly lacked jurisdiction to impose the enhanced sentence.[5]  Harris, however, failed to object to the enhancement on jurisdictional grounds at trial or on direct appeal.  Instead, he filed a motion under 28 U.S.C. § 2255, which allows collateral attack on a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  According to the Supreme Court, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause' excusing his double procedural default, and (2) "actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).  The government therefore contends that Harris procedurally defaulted his jurisdictional objection by failing to raise it at trial or on direct appeal, and consequently he must show cause and prejudice to collaterally attack the error.

The applicability of the cause-and-prejudice standard to a collateral attack on jurisdictional grounds is an issue of first impression in this Circuit.  In collateral attacks based on non-jurisdictional grounds that a defendant has procedurally defaulted, we have regularly applied

---

[5]We note that the government could have sought a postponement as provided in § 851(a): "Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts...."

5

the cause-and-prejudice standard. For example, a defendant may procedurally default many of his constitutional rights.[6] *See, e.g., Levine v. United States,* 362 U.S. 610, 619-20, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960) (Sixth Amendment right to a public trial); *Riner v. Owens,* 764 F.2d 1253, 1256-57 (7th Cir.1985) (Sixth Amendment right be confronted with one's accusers), *cert. denied,* 475 U.S. 1055, 106 S.Ct. 1282, 89 L.Ed.2d 589 (1986); *United States v. Bascaro,* 742 F.2d 1335, 1365(11th Cir.1984) (Fifth Amendment protection from double jeopardy), *cert. denied sub nom. Hobson v. United States,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 613 (1985). Upon collateral attack, he must show cause (and resulting prejudice) for his procedural default to justify his failure to timely assert his constitutional rights. *See, e.g., Coulter v. Herring,* 60 F.3d 1499, 1505-06 (11th Cir.1995) (finding defendant failed to show cause excusing his procedural default of protection from double jeopardy), *cert. denied,* 516 U.S. 1122, 116 S.Ct. 934, 133 L.Ed.2d 860 (1996).

Notably, jurisdictional defects, by contrast, *cannot* be procedurally defaulted. As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress. *See Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). We

---

[6]Courts often conflate the concepts of procedural default, or forfeiture, and waiver. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right.' " *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). Rights that can be forfeited necessarily can be waived. *Freytag v. Commissioner,* 501 U.S. 868, 894 n. 2, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) (Scalia, J., concurring in part and concurring in judgment). Some rights, however, can be waived but not forfeited. *See id.* (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (right to counsel); *Patton v. United States,* 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930) (right to trial by jury), *overruled on other grounds, Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970)). The cause-and-prejudice standard applies only to collateral attacks involving forfeited rights.

therefore cannot derive power to act from the actions of the parties before us. *See id.* at 702. Consequently, the parties are incapable of conferring upon us a jurisdictional foundation we otherwise lack simply by waiver or procedural default. *See United States v. Griffin,* 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.Ed. 764 (1938) ("Since lack of jurisdiction of a federal court touching the subject matter of the litigation cannot be waived by the parties, we must upon this appeal examine the contention."); *Hertz Corp. v. Alamo Rent-A-Car, Inc.,* 16 F.3d 1126, 1131 (11th Cir.1994) ("Subject-matter jurisdiction can never be waived or conferred by the consent of the parties.") (quoting *Latin Am. Property & Cas. Ins. Co. v. Hi-Lift Marina, Inc.,* 887 F.2d 1477, 1479 (11th Cir.1989)); *Fitzgerald v. Seaboard Sys. R.R., Inc.,* 760 F.2d 1249, 1250 (11th Cir.1985) ("It is a well known fact that parties cannot confer jurisdiction upon the federal courts."); *Love v. Turlington,* 733 F.2d 1562, 1564 (11th Cir.1984) ("It is an established principle of law that subject matter jurisdiction cannot be created or waived by agreement of the parties."); *Eagerton v. Valuations, Inc.,* 698 F.2d 1115, 1118 (11th Cir.1983) ("[I]t is well established that subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties."). Furthermore, we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue. *See Insurance Corp. of Ir., Ltd.,* 456 U.S. at 702 ("[A] court ... will raise lack of subject-matter jurisdiction on its own motion."); *Fitzgerald,* 760 F.2d at 1251 ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.") (citing *Philbrook v. Glodgett,* 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973)).

In short, because jurisdictional claims may not be defaulted, a defendant need not show "cause" to justify his failure to raise such a claim. The Seventh Circuit reached a similar result in

7

*Kelly v. United States,* 29 F.3d 1107 (7th Cir.1994).[7] In *Kelly,* as here, the court considered a § 2255 collateral attack on a sentence enhancement where the prosecutor failed to timely file the information. The court concluded that Kelly was not required to show cause and prejudice to excuse his failure to challenge the district court's jurisdiction, explaining, "The point of cause and prejudice, we repeat, is to overcome the waiver. But this analysis of course assumes that the error in question is a waivable one. And jurisdictional defects are not." *Id.* at 1112. The court concluded, "Because jurisdictional defects are nonwaivable, Kelly need not provide us with an excuse ("cause and prejudice') adequate to convince us to forgive his waiver." *Id.* at 1114.

Our research reveals that two courts have applied the "cause and prejudice" standard to jurisdictional challenges to enhancements under § 851. First, in *Suveges v. United States,* the First Circuit held that the defendant had procedurally defaulted his jurisdictional challenge to his enhanced supervised release term after the government had failed to file an information about his prior convictions before his guilty plea. *See* 7 F.3d 6, 10 (1st Cir.1993). The court simply stated:

> To be sure, Suveges did not object below to the imposition of the enhanced term of supervised release and he did not appeal his sentence in the first instance. The failure to raise this objection earlier constitutes a procedural default.

*Id.* The court then remanded the cases for a cause-and-prejudice analysis. *See id.* In concluding that a jurisdictional claim could be procedurally defaulted, the court only cited to a previous Eighth Circuit opinion, *Ford v. United States,* 983 F.2d 897 (8th Cir.1993), which reached the same conclusion without any analysis. We are not persuaded because a district court lacks the power to

_____

[7]The Ninth Circuit also agreed in an unpublished opinion, stating that "because [the error] is jurisdictional, [the defendant] need not show cause and prejudice." *United States v. Broadwell,* 1992 U.S.App. (9th Cir.1992).

8

entertain a § 851 enhancement if the government failed to comply with the procedural requirement prior to plea or trial. And this jurisdictional defect is not waivable.

In sum, on the facts of this case, the district court plainly lacked jurisdiction to impose Harris's enhanced sentence, and Harris need not show cause and prejudice to collaterally attack the enhanced sentence because jurisdictional claims cannot be procedurally defaulted. Accordingly, we REVERSE and REMAND for re-sentencing consistent with this opinion.

HILL, Senior Circuit Judge, specially concurring:

Here a busy district court found Appellant Harris willing to plead guilty and, by so doing, save it much trial time and effort. The government made it clear to the court, and to Harris, that, on the basis of prior convictions, it intended to file for an enhanced sentence. In order to document the plea and eliminate the trial, the district court took the plea on the assurance that the government would make the necessary filing. Harris was deprived of no information. Procedurally, no one was misled. No one was prejudiced.

This being said, however, our circuit precedent is based upon jurisdictional concepts and is binding upon this panel. *See United States v. Olson,* 716 F.2d 850 (11th Cir.1983); *United States v. Cevallos,* 538 F.2d 1122 (5th Cir.1976); *United States v. Noland,* 495 F.2d 529 (5th Cir.1974). In my opinion, it allows a defendant cleverly to dangle the prospect of eliminating a lengthy and burdensome trial before a busy trial judge (if the guilty plea can be immediately accepted before the defendant changes his mind). Such jurisdictional leverage by a defendant can undercut, as we have seen here, an otherwise properly enhanced sentence.

I prefer a cause-and-prejudice analysis *vis-à-vis* one based upon jurisdictional concepts. Nevertheless, I endorse the opinion of then Chief Judge Godbold in *Olson* who stated that "even if

9

these decisions [are] not to our tastes, they are binding upon this court and the district courts of this circuit until altered by this court en banc." *See Olson,* 716 F.2d at 854.  For this reason, I concur.