United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40872
Conference Calendar

_____

BENJAMIN TILLMAN,

Petitioner-Appellant,

versus

UNITED STATES PENITENTIARY; R. D. MILES, Warden,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-314
--------------------

Before  DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Benjamin Tillman, federal inmate # 04060-017, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition.

Because Tillman's 28 U.S.C. § 2241 petition challenged the

legality of his conviction, Tillman was required to show that 28

U.S.C. § 2255 provided him with an inadequate or ineffective

remedy.  See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

"[T]he savings clause of § 2255 applies to a claim (i) that is

based on a retroactively applicable Supreme Court decision which

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

established that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

To bring his claim under the "savings clause," Tillman argues that he could not have brought the instant claim that the sentencing court was without jurisdiction to sentence him until 1998, when the Eleventh Circuit issued Harris v. United States, 149 F.3d 1304 (11th Cir. 1998). Harris, however, is not a retroactively applicable Supreme Court decision establishing that Tillman may have been convicted of a nonexistent offense. Because Tillman fails to identify any authority demonstrating that he was convicted of a non-existent offense, his jurisdictional challenge to his conviction fails to satisfy the first prong of the Reyes-Requena test. The district court's dismissal of Tillman's 28 U.S.C. § 2241 petition is therefore AFFIRMED.