[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10213
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-80402-CV-DMM

KELVIN RANCE,

Plaintiff-Appellant,

versus

D.R. HORTON, INC.,
CNA INSURANCE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 21, 2008)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Kelvin Rance ("Rance") appeals the district court's grant of the defendants', D.R. Horton Inc.'s ("Horton") and CNA ClaimsPlus's ("CNA"), motions to dismiss his complaint, which alleged discrimination under the Americans with Disabilities Act ("ADA") and breach of contract, and the district court's denial of his motion to reconsider pursuant to Fed.R.Civ.P. 59(e). On appeal, Rance argues that the district court had diversity jurisdiction over his contract claim because: (1) he alleged damages over $75,000 in his complaint; (2) awards in other similar cases for back and knee injuries range from $25,000 to $155,000; (3) the loss of income that he suffered because of the defendants' breach of contract, calculated from the date of his injury, is $126,185.28; and (4) he also could include loss of medical and life insurance, emotional suffering, and punitive damages to his claim. Rance also argues that his ADA claim against CNA was cognizable, because CNA, as an agent of Horton, is an "employer" under the statute.

I.

### A. The ADA Claim

When a party fails to provide arguments on the merits of an issue and makes only passing reference to it in the initial brief, the argument is deemed waived, and

2

we need not address it. *United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2446 (2007).

Because Rance only argues that CNA is an "employer" as defined by the ADA and makes no arguments regarding the dismissal of his ADA claim for failure to exhaust administrative remedies, we conclude that he has abandoned this issue on appeal.

## B.  *The Breach of Contract Claim*

We review a district court's dismissal of a complaint for lack of subject matter jurisdiction *de novo*. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).  A federal court has both the power and the obligation to inquire, at any time, into jurisdiction whenever it is possible that jurisdiction might not exist. *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). "Federal courts are courts of limited jurisdiction. In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Federated Mut. Ins.*, 329 F.3d at 807 (quotation and citation omitted); *see* 28 U.S.C. § 1332(a).

"Facial attacks" on the complaint under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, require the district court, as it does in the case of a Rule12(b)(6) motion, "to look and see if [the] plaintiff has sufficiently alleged a

basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). We have held, however, that:

> [w]hile Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right to relief above the speculative level.

*Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quotations and citations omittted). A complaint must contain "enough factual matter (taken as true) to suggest the required element . . . It is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render the element plausible." *Id.* at 1295-96 (brackets, quotations and citations omitted).

> Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered. . . . [T]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007) (internal quotations and citations omitted). In a factual challenge, the district court must provide the plaintiff with an opportunity for discovery and

for a hearing that "is appropriate to the nature of the motion to dismiss." *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

"Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citation omitted). "However, where jurisdiction is based on a claim for indeterminate damages, the . . . 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins.*, 329 F.3d at 807 (citations omitted).

Because the record demonstrates that the allegations in Rance's complaint regarding the denial of medical authorization and disability benefits were facially sufficient to allege the requisite amount in controversy, the district court should have allowed discovery and a hearing. Accordingly, we vacate the district court's order and remand the case for further consideration.

## II.

Rance next argues that the district court abused its discretion in construing his motion to reconsider, which was filed pursuant to Fed.R.Civ.P. 59(e) as a

Fed.R.Civ.P. 60(b)(6) motion. He states that he made his motion to reconsider because: (1) the trial court dismissed his complaint and closed his case without giving him an opportunity to amend his complaint; and (2) he needed to alert the trial court as to new causes of action. He argues that the district court caused him injury by construing his Rule 59(e) motion, which he timely filed within ten days of the challenged decision, as a Rule 60(b)(6) motion because the standards of review for the two motions differ.

We review the denial of a Rule 59(e) motion for an abuse of discretion. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors, is within the scope of Rule 59(e) regardless of its label. *Harcon Barge Co., Inc. v. D&G Boat Rentals,* Inc., 784 F.2d 665, 667 (5th Cir. 1986); *see also, United States v. Eastern Air Lines, Inc.*, 792 F.2d 1560, 1562 (11th Cir. 1986). A motion requesting the setting aside of summary judgment and a trial on the merits of the case is best characterized as a Rule 59(e) motion. *Mays v. United States Postal Serv.*, 122 F.3d at 46. "[Rule 59(e)] [m]otions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued. . . . Denial of a motion to amend is especially soundly exercised when the

6

party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) (quotations and citations omitted).

Because the arguments in Rance's motion to reconsider raised new claims, were not relevant to the dismissal of his case, and were unsupported by any logical, legal, or factual explanation, we conclude that the district court did not abuse its discretion in denying his motion to reconsider. Accordingly, we affirm that order.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**