[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12930
Non-Argument Calendar

_____

D. C. Docket No. 91-00301-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLON MCNEALY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Marlon McNealy appeals the district court's denial of his motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 505 and 706 to the Sentencing Guidelines. McNealy was originally sentenced pursuant to a statutory mandatory minimum of life imprisonment. McNealy appealed his convictions and sentences and this Court affirmed. *United States v. Brazel*, 102 F.3d 1120, 1164 (11th Cir. 1997).

McNealy asserts the district court erred by denying his § 3582(c)(2) motion because the mandatory minimum, pursuant to 21 U.S.C. § 851, was inapplicable. He contends that, because his prior offenses were juvenile offenses, § 851 should not have applied to give him a mandatory life sentence. Citing *Harris v. United States*, 149 F.3d 1304, 1305 (11th Cir. 1998), McNealy asserts the applicability of a § 851 notice is jurisdictional and can be raised at anytime, including a § 3582(c)(2) proceeding.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority *de novo*. *United States v. Williams*, 549 F.3d 1337, 1338-39 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a Guidelines

range that has been lowered subsequently by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Because a sentencing adjustment pursuant to § 3582(c)(2) does not constitute a *de novo* resentencing, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Indeed, § 3582(c)(2) does not give the district court "jurisdiction to consider extraneous resentencing issues." *Id.* at 782. In *Harris*, we held that a defendant could raise a jurisdictional challenge to the application of § 851 in a 28 U.S.C. § 2255 motion to vacate even though he failed to object at trial or on direct appeal. 149 F.3d at 1307-09.

Because McNealy's sentence was based upon the applicable statutory mandatory minimum of life imprisonment rather than his original Guidelines range, he was ineligible for a § 3582(c)(2) reduction based upon Amendment 706 or Amendment 505. *See Williams*, 549 F.3d at 1342 ("[A] defendant whose original sentencing range was based on something other than § 2D1.1[, such as the application of a statutory mandatory minimum term of imprisonment,] is precluded from receiving a sentence reduction, since the amendment[s] would not lower his applicable guidelines range."). McNealy is attempting to challenge an extraneous

3

sentencing issue, namely, the application of § 851, which led to his mandatory life sentence. However, the correct avenue for challenging original sentencing determinations is either on direct appeal or in a § 2255 motion to vacate. McNealy's reliance on *Harris* is inapposite because *Harris* involved a § 2255 motion to vacate which allows for jurisdictional challenges, whereas § 3582(c)(2) is limited to determining whether a defendant was sentenced based on a Guidelines range that has been amended since his original sentencing. *See Harris*, 149 F.3d at 1307-09. Accordingly, we affirm the district court's denial of McNealy's § 3582(c)(2) motion.

**AFFIRMED.**