[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2012
JOHN LEY
CLERK

No. 11-13770
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60042-JIC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL DORELUS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2012)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Dorelus appeals his conviction and 120-month sentence for possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a), (b)(1)(C). On appeal, Dorelus argues that his guilty plea should be vacated on the grounds that it was not knowing and voluntary because (1) the district court misadvised him of the statutory maximum penalty, (2) he has severe mental and physical infirmities, and (3) the factual basis was insufficient. He also argues that his 120-month sentence exceeded the statutory maximum penalty. After review, we affirm Dorelus's guilty plea but vacate his sentence and remand for a new sentencing hearing.

I.

Dorelus argues that the district court violated Federal Rules of Criminal Procedure 11 in accepting his plea. When a defendant raises a Rule 11 violation for the first time on appeal, we review only for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* To establish plain error in the Rule 11 context, the defendant must show a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

2

"A guilty plea involves the waiver of a number of a defendant's constitutional rights, and must therefore be made knowingly and voluntarily to satisfy the requirements of due process." *Moriarty*, 429 F.3d at 1019. To determine that a guilty plea is knowing and voluntary, the district court must specifically address the three core concerns of Rule 11 by "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Id.* Lastly, "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

The district court did not plainly err in accepting Dorelus's guilty plea. As conceded by the government and discussed below, the district court committed a plain error when it advised Dorelus that the statutory maximum penalty was twenty years imprisonment. However, Dorelus does not provide any evidence that there is a reasonable probability that, but for this error, he would not have entered the plea had he known that the statutory maximum penalty was five years imprisonment instead of twenty years imprisonment.

The record also reflects that Dorelus knowingly and voluntarily entered his guilty plea despite his mental and physical infirmities and the medication he took the morning of the plea. Based on the plea colloquy, the district court concluded

3

that Dorelus was "fully competent and capable of entering an informed plea," and Dorelus has not supplied this court with evidence to show this finding was plainly in error.

Lastly, the record establishes that the district court did not plainly err in determining that there was a factual basis for the plea. Based on the facts in the stipulated factual proffer, a reasonable fact finder could conclude that Dorelus possessed marijuana with the intent to distribute. There is nothing in the record that suggests that the district court committed plain error when accepting his plea.

## II.

When a party raises a sentencing challenge for the first time on appeal, we review only for plain error. *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009). A district court commits plain error by sentencing above the statutory maximum. *See United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009).

Under 21 U.S.C. § 841(b)(1)(C) a statutory maximum twenty-year sentence applies to the possession with the intent to distribute controlled substances, except as provided in subsections (A), (B), and (D). Section 841(b)(1)(D) provides that

> In the case of less than 50 kilograms of marihuana . . . such person shall . . . be sentenced to a term of imprisonment of not more than 5 years . . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10

4

years . . . .

For the ten-year statutory maximum penalty to apply based on a prior felony drug conviction, before a guilty plea is entered, the government must file an information with the court that states the previous convictions supporting the enhancement. 21 U.S.C. § 851(a)(1); *see also Harris v. United States*, 149 F.3d 1304, 1306–07 (11th Cir. 1998).

The record reflects that Dorelus pled guilty to possessing with the intent to distribute approximately sixty grams of marijuana. As Dorelus possessed less than fifty kilograms of marijuana, the statutory maximum sentence is five years imprisonment or ten years imprisonment if he had a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(D). For the statutory maximum penalty to be ten years imprisonment, the government had to file an information prior to the entry of the guilty plea stating what prior convictions support the enhancement. *Id.* at § 851(a)(1). The record reflects, and the government concedes, that no such information was filed in this case. Therefore, the statutory maximum penalty for Dorelus's offense was five years imprisonment, and his 120-month sentence exceeds the five-year statutory maximum. The district court plainly erred in sentencing Dorelus to 120-months imprisonment; therefore, we vacate Dorelus's sentence. *See Sanchez*, 586 F.3d at 930.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**