[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13737
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cv-14239-DLG

LNV CORPORATION,

Plaintiff-Counter Defendant-
Appellee,

versus

GEORGE A. MAIB,
an individual,
ROBYN E. MAIB,
an individual,

Defendants-Counter Claimants-
Appellants,

WILLIAM J. WOODY SR.,
FAMILY TRUST, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 2, 2013)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

George A. Maib and Robyn E. Maib, proceeding *pro se*, appeal the district court's grant of summary judgment in favor of LNV Corporation ("LNV") in its private federal diversity foreclosure action against the Maibs and the district court's dismissal of their counterclaim. The dispute concerns a loan agreement ("Agreement") that the Maibs entered with The Columbian Bank & Trust Company ("CBT") in connection with a promissory note ("Note") secured by a mortgage on real and personal property ("Mortgage"). It was undisputed at the summary judgment stage that: (1) CBT had disbursed the full loan amount and approved all but one request, (2) the Maibs defaulted on the Agreement by failing to make its required payments, and (3) LNV was the then-current holder and owner of the Note and Mortgage as the result of an assignment by the Federal Deposit Insurance Corporation (FDIC) as receiver for CBT.

On appeal, the Maibs argue that the district court improperly dismissed their

2

counterclaim for lack of subject matter jurisdiction.  They assert that this claim

does not involve the FDIC so 12 U.S.C. § 1821(d) is inapplicable.  They also

contend that the terms of the Agreement stipulate that all conflicts are to be

resolved in Florida.

The Maibs also argue that summary judgment in favor of LNV was

inappropriate because CBT breached the terms of the Agreement in two ways.[1]

First, by denying a request for $37,500 out of a total of $1.2 million that was to be

used to purchase concrete mixing trucks ("$37,500 request"), CBT caused

significant harm to the Maibs' business, Ocean Concrete, Inc. ("Ocean"), and

rendered them unable to make the loan payments.  Second, the FDIC granted LNV

executives a limited power of attorney which created a conflict-of-interest that led

to prejudicial treatment of the Maibs in connection with the Loan and Mortgage.

Finally, the Maibs appear to contend that LNV's suit is barred by the *Rooker-*

*Feldman* doctrine.

---

[1]    The Maibs raised several other arguments for the first time on appeal as to why summary judgment was inappropriate.  A legal claim or argument raised for the first time on appeal that was not presented in the district court is deemed waived and its merits will not be addressed. *Miller v. King*, 449 F.3d 1149, 1150 n.1 (11th Cir. 2006).  The Maibs also raised an argument in district court about priorities in interest that they do not argue on appeal.  A legal claim or argument that has not been briefed before the Court is deemed abandoned and its merits will not be addressed. *Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994).  Accordingly, we do not address any of these arguments.

3

## I.

Section 1821(d)(13)(D) provides that:

> Except as otherwise provided  in this subsection, no court shall have jurisdiction over– (I) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D).  Section 1821(d)(6)(A) specifies that a claimant may file suit in the district court "within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia . . . ."  *Id.* § 1281(d)(6)(A)(ii).  The consent of the parties cannot waive or confer subject matter jurisdiction.  *United States v. Harris*, 149 F.3d 1304, 1308 (11th Cir. 1998).

By their own admission, the Maibs' counterclaim is based on the same claims, facts, and alleged damages as a complaint they filed against the FDIC. Because the Maibs' counterclaim is based on alleged acts or omissions of the FDIC in its capacity as receiver for CBT, the claim may only proceed in the District Court for Kansas, CBT's principal place of business, or the District of Columbia.  *See* 12 U.S.C. §§ 1821(d)(13)(D) and 1281(d)(6)(A)(ii).  Further, the

4

Agreement was incapable of conferring subject matter jurisdiction on the district court. *See Harris*, 149 F.3d at 1308. Accordingly, the district court properly dismissed the counterclaim for lack of subject matter jurisdiction under § 1821(d).

## II.

We review a district court's decision to grant summary judgment *de novo*, viewing all of the evidence and its reasonable inferences in the light most favorable to the nonmoving party. *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1304 (11th Cir. 2003). Federal Rule of Civil Procedure 56(a) states that summary judgment shall be granted if the pleadings and evidence show that there is "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under Florida law, an assignee is generally subject to all the equities and defenses of the debtor connected with or growing out of the obligation that the obligor had against the assignor at the time of an assignment. *Law Office of David J. Stern, P.A. v. Sec. Nat'l Servicing Corp.*, 969 So. 2d 962, 968 (Fla. 2007). For a breach of contract claim under Florida law, the non-breaching party must plead

5

and establish the existence of a contract, a material breach of the contract, and damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). A material breach of contract allows the non-breaching party to treat the breach as a discharge of his contractual liability. *Hospital Mort. Group v. First Prudential Dev. Corp.*, 411 So. 2d 181, 182 (Fla. 1982).

The Maibs' argument that the denial of the $37,500 loan request constituted a breach of the Agreement is without merit. The Agreement required the Maibs to maintain all necessary licenses and permits and prohibited the Maibs from placing additional encumbrances on the mortgaged property. George Maib testified that Ocean had not received the requisite permits for land clearing or construction when he made the $37,500 request. Further, at the summary judgment stage, LNV argued, and the Maibs did not contest, that granting the $37,500 request would have placed an additional encumbrance on the property.

The Maibs also appear to argue that the *Rooker-Feldman*[2] doctrine bars LNV's suit. Under the *Rooker-Feldman* doctrine, federal district courts and courts of appeals lack subject matter jurisdiction over certain matters related to previous state court litigation. We have held that the *Rooker-Feldman* doctrine applies only

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

6

in instances where the state proceedings have ended. *Nicholson v. Shafe*, 558 F.3d 1266, 1278-79 (11th Cir. 2009). The doctrine is applicable to cases where the losers of the state court proceedings attempt to initiate federal district court proceedings for the purposes of review and rejection of those state court judgments. *Id*. at 1274. But the Maibs have failed to show that the state court proceedings were resolved against LNV, or that the state proceedings even had a final judgment, and *Rooker-Feldman* is inapplicable in this case. *Nicholson*, 558 F.3d at 1274, 1278-79.

Finally, as to the alleged conflict-of-interest, David Chortek, a loan manager for the company that serviced LNV's loans, stated that, as was the case here, the type of limited power of attorney that was granted to LNV was commonly used by the FDIC to facilitate the ministerial processing of loans. This assertion is confirmed by looking at a copy of the actual grant of power that LNV received. Thus, there was nothing per se prejudicial about the FDIC granting LNV executives a limited power of attorney, and the Maibs did not provide any evidence showing otherwise.

Because the Maibs defaulted on the Agreement, CBT did not breach the Agreement, and there was no conflict-of-interest in connection with LNV's limited power of attorney, LNV was entitled to summary judgment. Accordingly, we

affirm the district court's dismissal of the Maibs' counterclaim and grant of summary judgment in LNV's foreclosure action.

AFFIRMED.[3]

---

[3]     The Maibs' Motion to Strike dated October 31, 2012, is DENIED.