[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13986
Non-Argument Calendar

_____

D.C. Docket No. 8:97-cr-00213-EAK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HANDY BAILEY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 25, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Handy Bailey, Jr. appeals the district court's denial of his motion to correct his total 360-month sentence.  Because we conclude that the district court lacked jurisdiction over Bailey's motion, we vacate and remand.

In 1997, Bailey was convicted of two counts of possession with intent to distribute cocaine base.  Because Bailey had prior convictions, the government filed an information and notice under 21 U.S.C. § 851 to seek enhanced penalties.  The court ultimately sentenced Bailey to 360 months' imprisonment.  This court affirmed the convictions and sentences on direct appeal.

Thereafter, Bailey filed numerous unsuccessful post-conviction motions.  He then filed the instant motion entitled "Nunc Pro Tunc Motion for Correction of an Issue Required Now That Was Required Then (Being Time of Sentence) as the Court Lacked Jurisdiction to Impose the Sentence."  In this motion, as in previous motions, Bailey challenged the propriety of the § 851 notice and the district court's jurisdiction to sentence him based on an enhanced penalty.  The district court denied the motion.  Bailey now appeals.

We review *de novo* whether the district court properly exercised jurisdiction over a claim.  *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002).  Where a district court lacked jurisdiction, we have jurisdiction only for the limited purpose of correcting the district court's error in entertaining the claim.  *See*

*Williams v. Chatman*, 510 F.3d 1290, 1294-95 (11th Cir. 2007).

Under 18 U.S.C. § 3582(c), the district court has jurisdiction to modify an imposed term of imprisonment only under specific circumstances. *Diaz-Clark*, 292 F.3d at 1315-16. For example, a federal prisoner seeking relief from his conviction or confinement may file, pursuant to 28 U.S.C. § 2255, a motion to vacate in the district court. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). A prisoner may not, however, file a second or successive petition under § 2255 unless and until we grant certification. 28 U.S.C. § 2255(h); *Diaz-Clark*, 292 F.3d at 1316. Absent such permission, the district court lacks jurisdiction to address the petition and must dismiss it. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). We will look beyond the label of a prisoner's post-conviction motion to determine if he is, in substance, seeking relief under § 2255. *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*).

To obtain a sentencing enhancement based upon a defendant's prior conviction, the government must comply with the notice requirements set forth in 21 U.S.C. § 851(a)(1). *Perez v. United States*, 249 F.3d 1261, 1264 (11th Cir. 2001). But § 851 does not itself provide a mechanism for a collateral attack upon a sentence, nor does it grant the district court power to alter a sentence. *See generally* 21 U.S.C. § 851. Rather, a prisoner's claim that his sentence was

3

imposed in violation of § 851(a) is cognizable under § 2255. *See Harris v. United States*, 149 F.3d 1304, 1307 (11th Cir. 1998).

To the extent Bailey's motions challenged the validity of his 360-month sentence based upon the jurisdictional adequacy of the § 851 enhancement, it should have been construed by the district court as a § 2255 motion. Because Bailey has filed previous unsuccessful § 2255 motions, he was required to seek our permission before filing a successive application. He failed to do so. Therefore, to the extent Bailey raised claims that should have been raised in his first § 2255 motion, the district court should have dismissed those claims for lack of subject matter jurisdiction as opposed to denying them. But we construe the district court's denial on the merits as a dismissal and affirm because this is a distinction that makes no difference in this case. *See Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing district court's dismissal for lack of jurisdiction as denial on the merits and affirming because the distinction between denial and dismissal makes no significant difference).

**AFFIRMED.**

4